Peters, C. J., Danforth, Emery, Foster, and Haskell, JJ., concurred.

———◆———

Emery Robbins and Levi L. Robbins, in equity,

*vs.*

Waldo Lodge, No. 12, Independent Order of Odd Fellows.

Waldo. Opinion January 17, 1887.

*Equity. Dividing property of voluntary association. Property contributed for special use.*

A voluntary association holding a fund of two thousand dollars, contributed by its members and divided into shares of twenty dollars each, for which certificates were issued, used the fund in repairing and furnishing a hall to be used as an Odd Fellows' Hall. *Held,* that equity would not, at the suit of the owners of three shares, compel the others to purchase those shares, or submit to have the furniture removed and sold and the proceeds divided, while the hall was being used as an Odd Fellows' Hall, though by a different lodge.

On report of the presiding justice to be heard on bill, answer and proof.

The plaintiffs were the owners of three shares in the Odd Fellows' Hall Association, holding certificates like the following:

No. 10.          Odd Fellows' Hall Association.          One share.

This certifies that A. R. Carter, of Belfast, is proprietor of one share of the Capital Stock of the Odd Fellows' Hall Association of Belfast, on which has

been paid the sum of twenty dollars. These shares are transferable by assignment on the back hereof, to Members in good standing of the Independent Order of Odd Fellows only, the same being delivered to the Secretary and entered upon the Records of the Corporation.

These Shares may be redeemed by Belfast Lodge No. 41, I. O. O. F., at its option, at par value with Interest at 6 per cent. per annum from date hereon.

In Witness Whereof, this certificate is signed by the President and Secretary of said Association and countersigned by the proper Officers of the Lodge, at Belfast, this twenty-sixth day of April, A. D. 1876.

(A true copy.)  F. A. Follett, N. G.          William W. Castle, President.
R. G. Dyer, Rec. Sec'y.                      Attest: R. G. Dyer, Sec'y.
Capital Stock, $2000.  100 Shares, $20.00 each.
Transferred to E. and L. L. Robbins.          (Signed)    A. R. Carter.

*Messrs. Thompson and Dunton*, for plaintiff.

This court has the same power in equity to adjust the interests of part owners of personal property, that it has to adjust the interests of part owners in real estate.  R. S., c. 77, § 6, Item VI; Story's Eq. Jur. § 466.

In a recent case in New Hampshire, the court in their opinion say : " Whatever is capable of being divided may be the subject of partition in equity, and the inconvenience or difficulty of making partition is no objection.  Moreover, for the sake of convenience, in equity, a recompense may be made by a sum of money to one of the parties, so as to prevent injustice or unavoidable inequality ; or the court may order a sale of the subject matter and a division among the several owners, according to their respective titles, as its powers are adequate to a full compensatory adjustment."  *Allard* v. *Carleton*, 4 Eastern Rep. 759 ; see Story's Eq. Jur. § § 654, 656.

Had the property in controversy belonged to Belfast Lodge at the time its charter was taken away, the Grand Lodge would not thereby have become the owner of said property, but it would still have remained the property of the members of said lodge.  *District Grand Lodge No. 5* v. *Independent Order B'nia B'rith Jed'jah Lodge No. 7*, (Md. case,) 4 Eastern Rep. 657.

*William H. Fogler*, for the defendant.

WALTON, J.  It is the opinion of the court that the facts proved in this case do not entitle the plaintiffs to the relief

prayed for. There is a want of equity. The furniture of which the plaintiffs claim to be part owners, was purchased for a special purpose, and so far as appears, is now being used for that very purpose. We think it would be contrary to equity and good conscience for a minority of the owners, contrary to the wishes of the majority, to divert this property from the uses to which it was originally dedicated. The case shows that an association of individuals raised a fund of about two thousand dollars to fit up the Odd Fellows' Hall in Belfast. A large portion of this fund was expended in repairing and frescoing the hall. The balance was expended for carpets, chairs, desks and settees. This was in 1876. So far as appears, the carpets and furniture remain in the same positions in which they were originally placed, and are used for the same purposes to which they were originally dedicated. Not by the same lodge, but by their successors under a new charter and a new name. Now, can any one say that in equity and good conscience a small minority of the owners may compel the majority to purchase their interests or submit to have the carpets torn up and the furniture removed and sold for whatever price can be obtained and the proceeds divided? Can those who have thus taken upon themselves a common burden for a charitable or benevolent purpose thus escape from their share of it and throw it upon their associates or defeat the whole enterprise? Would not such a course be in violation of the original understanding or compact between the parties? Would it not be a breach of good faith? We think so. And this court, sitting as a court of equity, can not sanction such a proceeding. We think the furniture must be allowed to remain where the original purchasers of it put it, and subject to the uses to which they dedicated it. We should as soon think of sanctioning the removal and sale of Bunker Hill monument, on petition of some of those who contributed to the fund by which it was erected, as to allow this furniture to be withdrawn from the uses to which its original proprietors dedicated it. *Hinkley* v. *Blethen*, 78 Maine, 221.

*Bill dismissed with costs.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.